FILED by BB   D.C.
ELECTRONIC

**Mar. 19, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:**

# 09-Civ-80456-Cohn/Seltzer

GWENDOLYN COLLINS

Plaintiff,

v.

HIPPOCRATES HEALTH INSTITUTE
OF FLORIDA, INC.

Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, GWENDOLYN COLLINS, [hereinafter referred to as "COLLINS"], by and through her undersigned attorney, hereby files this lawsuit against Defendant, HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC. ["HIPPOCRATES"] and as grounds therefore alleges as follows:

### JURISDICTION

1. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §207.

2. This court has federal jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b)

3. Defendant, HIPPOCRATES HEALTH INSTITUTE, a corporation, [hereinafter referred to as ""], is an organization involved with services.

### VENUE

4. The Plaintiff is a resident of Palm Beach County, Florida.

1

5.  This cause of action occurred in Palm Beach County, Florida.

6.  At all times material hereto, Defendant conducted business at 1443 Palmdale Court, West Palm Beach, Florida 33411

7.  HIPPOCRATES has a principal address at 1443 Palmdale Court, West Palm Beach, Florida 33411.

## COMMON ALLEGATIONS

8.  Plaintiff COLLINS was employed with the Defendant from October 23, 2006 until April 2007.

9.  Plaintiff's job position was an administrative assistant. Plaintiff's job duties included clerical duties.

10. Plaintiff did not supervise others or act in a managerial role.

11. Plaintiff regularly worked over 40 hours in a given work week.

12. Plaintiff was not paid time and one half her hourly rate for overtime.

13. Defendant's annual gross sales volume exceeds the statutory requirements of $500,000.00 per annum.

14. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

15. Plaintiff's job duties were such that she herself was individually engaged in interstate commerce.

16. Plaintiff is a non-exempt employee and is otherwise entitled to overtime payments.

2

17. Plaintiff filed her claim initially with the Department of Labor but was unable to reach a resolution with the Defendant.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges Paragraphs 1-17 as set forth herein.

18. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

19. Plaintiff worked in excess of 40 hours per week for several of the work weeks it was employed with the Defendant.

20. Plaintiff worked in excess of 40 hours per week without being compensated for an overtime benefits by the Defendant.

21. Defendant failed to compensate Plaintiff up to one and a half times hour hourly rate for all worked performed in excess of 40 hours.

22. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

23. Defendant's failure to pay Plaintiff's overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding three (3) year period.

24. As a direct and proximate result of the Defendant's action, the Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a

3

result. Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

25. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

26. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against the Defendant as follows: The Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper. Plaintiff further demands trial by jury.

## COUNT II
## RETALIATION
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §215

Plaintiff re-alleges Paragraphs 1-17 as set forth herein.

27. Plaintiff complained to her employer that she was not paid properly under the FLSA.

28. In fact, Plaintiff presented her employer with Department of Labor Fact Sheets demonstrating that she was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

29. In response, Plaintiff was told that she would not be paid overtime .

30. Plaintiff was shortly thereafter terminated.

31. Plaintiff contends that she was terminated in retaliation for her complaints in regards to unpaid overtime.

4

32. The Defendant's actions is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §215.

33. As a direct and proximate result of the Defendant's action, the Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result. Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

34. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

35. As a result of Defendant's conduct, Plaintiff is entitled to lost wages and compensatory damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper. Plaintiff further demands trial by jury.

Dated this _____ day of March, 2009.

> Cathleen Scott, P.A.
> Jupiter Gardens
> 250 South Central Boulevard, Suite 104-A
> Jupiter, FL 33458
> (561) 653-0008
> (561) 653-0020
>
> _____
> Cathleen Scott, Esq.
> Florida Bar No: 0135331

5

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as ~~required~~ by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C**

**Mar. 19, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## I. (a) PLAINTIFFS

Gwendolyn Collins

**DEFENDANTS**

Hippocrates Heath Institute of Florida, In

**(b)** County of Residence of First Listed Plaintiff    Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Cathleen Scott, P.A.
250 S. Central Blvd, Ste 104
Jupiter, FL 33458
(561) 653-0008

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☑ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

09CV80456   JIC / BSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☑ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE      DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Fair Labor Standards Act pursuant to 29 U.S.C. Section 207

LENGTH OF TRIAL via   3-4   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   3/18/09

**FOR OFFICE USE ONLY**

AMOUNT   350 ⁰⁰    RECEIPT #   725594    IFP